# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| AMCO INSURANCE COMPANY, | Case No. 10-cv-01257 NC |
| Plaintiff, | **ORDER GRANTING EUREKA'S MOTION FOR LEAVE TO AMEND ITS RESPONSE TO RFA 21** |
| v. | |
| EUREKA OXYGEN COMPANY, | Re: Dkt. No. 105 |
| Defendant. | Jury Trial: May 7, 2012 |

Eureka moves for leave to amend its response to AMCO's request for admission number 21 (RFA 21). Eureka argues that its current response to RFA 21 contradicts the revised opinion of Michael O'Connor, one of its experts, and that this Court allowed it to amend its response to another RFA on that basis. AMCO opposes the motion, arguing that the motion is untimely and that O'Connor's revised opinion is unjustified. Because Eureka's proposed amendment does not violate the provisions of Federal Rule of Civil Procedure 26(e), the motion is GRANTED.

Eureka seeks to amend its response to RFA 21, which requests Eureka to admit the following: "The nozzle designed to discharge fire suppression liquid to the center of the fryer was found after the fire to be impacted with grease." Eureka's Mot. at 2, Dkt. No. 105. Eureka's current response to RFA 21 is: "Responding party admits on information and belief that after the

Case No. 10-cv-01257 NC
ORDER GRANTING MOTION
TO AMEND RFA 21

fire one of the nozzles designed to discharge the fire suppression liquid was found to be partially clogged with grease." *Id.* Eureka seeks to amend its response to state: "Deny in part. After the fire, one of the nozzle screens was found to have residue on it, which could have been residue from the burning of the cap and residue that was deposited there during the fire, and it may or may not have been grease. There has been no testing of the residue to confirm that in fact it was grease. It would be speculation by any person and expert to opine that the residue is grease." *Id.* at 3. The reason for Eureka's proposed amendment is that O'Connor testified at his deposition that the residue on the nozzle screen could have been burnt rubber residue; O'Connor's expert report states that the residue was grease. *Id.* at 2.

AMCO opposes the motion, arguing that Eureka's proposed amendment to RFA 21 is improper because O'Connor's revised opinion concerning the nature of the residue on the nozzle is unjustified. AMCO's Resp. at 2, Dkt. No. 108. AMCO argues that O'Connor's revised opinions with respect the source of the fire were based on the report of a rebuttal expert, but that O'Connor's revised opinion with respect to the residue on the nozzle is based not on the report of a rebuttal expert but on O'Connor's belief that his former opinion "would reflect badly on his client [Eureka]." *Id.* at 2-3. Further, AMCO argues that Eureka's proposed amendment to RFA 21 is untimely, as trial begins in less than one week. *Id.* at 1.

The question presented is whether Eureka must provide a basis for amending its response to RFA 21, and whether Eureka's proposed amendment of RFA 21 is untimely. The Court finds that Eureka may amend its response to RFA 21 without having to provide a basis for the amendment, and that Eureka's proposed amendment is not untimely because AMCO has been aware of O'Connor's revised opinion as to the residue on the nozzles since O'Connor was deposed in March 2012.

Federal Rule of Civil Procedure 26(e)(1) requires a party who has responded to an interrogatory, request for production, or request for admission to supplement or correct its response in a timely manner if the party learns that in some material respect the response is incomplete or incorrect, *and* if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing; or as ordered by the

Case No. 10-cv-01257 NC
ORDER GRANTING MOTION
TO AMEND RFA 21
2

court. FED. R. CIV. P. 26(e)(1) (emphasis added).

Rule 26(e) does not require a party to provide a basis for amending its responses to interrogatories, requests for production, or requests for admission. Instead, it requires a party to correct its response in a timely manner when it learns that its response is incorrect, and only if the corrective information has not been made known to the other parties during the discovery process or in writing. *See* FED. R. CIV. P. 26(e) advisory committee's note ("The obligation to supplement disclosures and discovery responses applies whenever a party learns that its prior disclosures or responses are in some material respect incomplete or incorrect. There is, however, no obligation to provide supplemental or corrective information that has been otherwise made known to the parties in writing or during the discovery process, as when a witness not previously disclosed is identified during the taking of a deposition or when an expert during a deposition corrects information contained in an earlier report.").

Here, Eureka is entitled to amend its response to RFA 21 if it believes that its previous response is incorrect. The timing of Eureka's motion is not necessarily problematic because AMCO had been aware of O'Connor's revised testimony as to the residue on the nozzles since O'Connor was deposed in March 2012. The Court notes, however, that it will not entertain any further motions to supplement disclosures or responses under Rule 26(e) after this order is filed.

Accordingly, Eureka may amend its response to RFA 21, but only if it removes from its proposed amendment the last two sentences, as follows:

"Deny in part. After the fire, one of the nozzle screens was found to have residue on it, which could have been residue from the burning of the cap and residue that was deposited there during the fire, and it may or may not have been grease. ~~There has been no testing of the residue to confirm that in fact it was grease. It would be speculation by any person and expert to opine that the residue is grease~~."

IT IS SO ORDERED.

Date: May 4, 2012

Nathanael M. Cousins
United States Magistrate Judge

Case No. 10-cv-01257 NC
ORDER GRANTING MOTION    3
TO AMEND RFA 21