1
2
3
4
5
6
7
8

9          **UNITED STATES DISTRICT COURT**

10          **NORTHERN DISTRICT OF CALIFORNIA**

11          **SAN FRANCISCO DIVISION**

12   AMCO INSURANCE COMPANY,              Case No. 10-cv-01257 NC

13              Plaintiff,                **ORDER GRANTING ELLEBRECHT'S**
                                          **MOTION TO EXCLUDE REFERENCES**
14       v.                               **TO "COOKING EQUIPMENT"**

15   EUREKA OXYGEN COMPANY,               Re: Dkt. No. 102

16              Defendant.                Jury Trial: May 7, 2012

17

18          Janice Ellebrecht moves to exclude from trial any references to her alleged failure to

19   properly inspect and maintain her cooking equipment, because such a claim of negligence is

20   vague and overly broad based on the third-party complaint that Eureka brings against her.  Eureka

21   opposes the motion, arguing that evidence of Ellebrecht's failure to maintain her cooking

22   equipment is relevant and probative of the claims at issue, and that Ellebrecht provides no legal

23   authority in support of her motion.  Because the only cooking equipment at issue in this case is

24   the deep fat fryer and the fire-suppression system on the fryer, Ellebrecht's motion is GRANTED.

25          Ellebrecht notes that Eureka's third-party complaint against her states that she was

26   negligent because she allegedly failed to turn off the deep fat fryer in her restaurant before she left

27   for the night.  Ellebrecht's Mot. at 2, Dkt. No. 102.  Ellebrecht argues that Eureka improperly

28   contended in the parties' joint pretrial statement that Ellebrecht failed to properly maintain her

"restaurant cooking equipment," because until the date on which the pretrial statement was filed, no party had suggested that Eureka's negligence claims against Ellebrecht concerned any cooking equipment other than the deep fat fryer. *Id.* at 2. Ellebrecht adds that none of the experts in the case discussed the maintenance or inspection of Ellebrecht's cooking equipment generally. *Id.* at 3.

Eureka responds that its claims of negligence against Ellebrecht have been both "specific and broad," and that it has always claimed that Ellebrecht caused the fire. Eureka's Resp. at 3, Dkt. No. 107. Eureka argues that none of the experts in the case have testified that "there was no evidence of problems with the cooking equipment itself," and that Ellebrecht and her experts put cooking equipment at issue by testifying about a possible gas leak and various components of the deep fat fryer. *Id.* at 3-6. Finally, Eureka argues that it would be prejudiced if references to Ellebrecht's inspection and maintenance of her cooking equipment are excluded from trial, as such references are relevant to and probative of the ultimate issues in the case. *Id.* at 6.

The Court finds that, based on the operative pleadings, the only cooking equipment at issue in this case is the deep fat fryer and the fire-suppression system on the fryer. In Eureka's third-party complaint against Ellebrecht, Eureka alleges that Ellebrecht was negligent with respect to the deep fat fryer. *See* Dkt. No. 6 ¶ 6. Although Eureka incorporates by reference in its third-party complaint AMCO's allegations of negligence against Eureka, these allegations are limited to the deep fat fryer and the fire-suppression system on the fryer. *See* Dkt. No. 1 ¶¶ 7-9. Because Eureka has not established that cooking equipment other than the fryer or the fire-suppression system on the fryer has ever been at issue, any references to "cooking equipment" generally will be excluded from trial under Federal Rule of Evidence 403, as such references are very likely to mislead the jury or waste time.

IT IS SO ORDERED.

Date: May 4, 2012

Nathanael M. Cousins
United States Magistrate Judge