UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| AMCO INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>EUREKA OXYGEN COMPANY,<br><br>Defendant. | Case No. 10-cv-01257 NC<br><br>**ORDER DENYING AMCO'S MOTION TO EXCLUDE EUREKA'S AFFIRMATIVE DEFENSE OF CONTRIBUTORY NEGLIGENCE**<br><br>Re: Dkt. No. 111<br><br>Jury Trial: May 7, 2012 |

AMCO moves to preclude Eureka from asserting at trial a defense of contributory negligence with respect to AMCO and from amending Eureka's response to interrogatory 22, as the defense allegedly is untimely and Eureka's discovery responses allegedly contain no facts to support the defense. Eureka opposes the motion, arguing that the motion is untimely and that fairness requires that Eureka be allowed to explore whether the owners of the building destroyed by the fire were negligent in maintaining the building. Eureka adds that it does not seek to amend its response to interrogatory 22. Because AMCO does not establish a basis for excluding Eureka's contributory-negligence defense, and because Eureka does not seek to amend its response to interrogatory 22, AMCO's motion is DENIED in its entirety.

First, AMCO argues that Eureka's assertion of a contributory-negligence defense is untimely, because the "the first mention of [Eureka's] contention concerning contributory

negligence" allegedly was made in the parties' joint pretrial statement, which was filed on April 25, 2012. AMCO's Reply at 1, Dkt. No. 120. AMCO attaches to its reply Eureka's interrogatory responses with respect to Eureka's affirmative defenses. *Id.*, Ex. A. Eureka's response to interrogatory 10 shows that Eureka's sixth affirmative defense is based on a contributory-negligence theory. *Id.* at 8 ("Plaintiffs were themselves negligent and careless in and about the matters complained of and such negligence and carelessness caused and/or contributed to plaintiffs' claimed injuries and damages, if any. Plaintiffs' recovery should be reduced by the percentage of fault attributable to plaintiffs."). During oral argument on May 7, 2012, both parties stated that Eureka served its interrogatory responses early in the case in 2010. For this reason, the Court is unconvinced that AMCO first became aware of Eureka's contributory-negligence defense when the parties filed their joint pretrial statement.

Second, AMCO argues that Eureka's contributory-negligence defense should be excluded because AMCO is "unaware of any facts upon which defendant Eureka bases its claim of contributory negligence." AMCO's Reply at 2. During oral argument on May 7, AMCO argued that Eureka's response to interrogatory 10 shows that Eureka has failed to disclose the factual support for its contributory-negligence defense, because the only fact contained in that response is that "[Eureka] believes that the building does not have automatic sprinklers." AMCO's Reply, Ex. A at 8. AMCO also contended that it assumed that Eureka would amend its response to interrogatory 10 once Eureka obtained more facts to support its contributory-negligence defense, but Eureka never amended it.

This argument also is unconvincing because Eureka satisfied its duties under Federal Rule of Civil Procedure 26(e), as Eureka claimed during oral argument that any additional facts supporting its contributory-negligence defense were disclosed to all parties during the discovery process. *See* FED. R. CIV. P. 26(e) (requiring a party who has responded to an interrogatory, request for production, or request for admission to supplement or correct its response in a timely manner if that party learns that in some material respect the response is incomplete or incorrect, *and* if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing; or as ordered by the court) (emphasis added).

Case No. 10-cv-01257 NC
ORDER DENYING MOTION                        2
TO EXCLUDE AFF. DEFENSE

1  Moreover, if AMCO needed further clarification with respect to the factual support for any of
2  Eureka's affirmative defenses, AMCO could have brought a motion in limine, but it did not do so.
3      Accordingly, AMCO's motion to preclude Eureka from asserting a defense of
4  contributory negligence is DENIED.  Eureka, however, must amend its response to interrogatory
5  10 by today at 5:00 p.m. to include all facts on which it will base its contributory-negligence
6  defense.  Eureka must lodge a copy of its amended response with the Court.
7      IT IS SO ORDERED.
8  Date: May 7, 2012

                                    Nathanael M. Cousins
                                    United States Magistrate Judge

Case No. 10-cv-01257 NC
ORDER DENYING MOTION      3
TO EXCLUDE AFF. DEFENSE