1

2

3

4

5

6

7

8

9

10

11

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| AMCO INSURANCE COMPANY, | Case No. 10-cv-01257 NC |
| Plaintiff, | **PRELIMINARY JURY INSTRUCTIONS** |
| v. | |
| EUREKA OXYGEN COMPANY, | Jury Trial:  May 7, 2012 |
| Defendant and | |
| Cross-plaintiff, | |
| v. | |
| JANICE ELLEBRECHT, | |
| Cross-defendant. | |

## I.      Introduction

You are now the jury in this case.  The duty of the Court is to instruct you on the law. These instructions are meant to help you understand the principles that apply to civil trials and the evidence as you listen to it.  You may keep this document throughout the trial so that you may refer to it, but the document must remain in the jury room when the trial is not in session.  After all of the evidence has been presented, the Court will give you a final set of instructions that you will use in your deliberations.  You must follow all of the Court's instructions.  You must not

1   make any inferences as to what your verdict should be based on these instructions or on anything

2   that the Court may say or do.

3        It is your duty to find the facts from all of the evidence in the case. You must apply the

4   law as given to you by the Court to those facts regardless of whether you agree or disagree with

5   the law. You must decide the case based exclusively on the evidence presented to you, which

6   means that you must not allow your personal preferences, opinions, prejudices, or sympathy to

7   influence you.

8   **II.    Summary of the Claims and Defenses in this Case**

9        Plaintiff AMCO Insurance Company brings a lawsuit against defendant Eureka Oxygen

10  Company. AMCO is an insurance company that paid money in accordance with an AMCO

11  insurance policy to Jenny Oaks and Lowell Daniels, who are the owners of a building that was

12  destroyed in a fire. The fire originated in the Candy Stick Fountain & Grill ("the Grill"), which is

13  a restaurant owned by Janice Ellebrecht. Ellebrecht hired Eureka to service the fire-suppression

14  system on the Grill's deep fat fryer prior to the fire.

15       AMCO claims that Eureka was negligent in servicing the fire-suppression system over the

16  fryer, and for that reason, it seeks to recover from Eureka the money it paid to the owners of the

17  destroyed building. AMCO has the burden of proving these claims.

18       Eureka claims that it was not negligent in servicing the fire-suppression system and that it

19  therefore did not cause the fire. Eureka additionally asserts that even if AMCO is able to prove

20  that Eureka was negligent, any recovery should be eliminated or reduced because the owners of

21  the building were negligent for failing to provide and maintain safe conditions on the leased

22  premises, and the owners failed to use reasonable diligence to mitigate their damages.

23       Eureka further claims that the fire was caused by Ellebrecht's negligence in inspecting the

24  fire-suppression system and the fryer, and it brings a cross-claim against Ellebrecht based on that

25  theory. Eureka has the burden of proving this cross-claim.

26       Ellebrecht claims that she was not negligent in maintaining the fire-suppression system or

27  the fryer.

28  //

Case No. 10-cv-01257 NC
PRELIMINARY JURY                    2
INSTRUCTIONS

**III.     Burden of Proof**

If a party has the burden of proof on any claim by a preponderance of the evidence, this means that you must be persuaded that the claim is more likely to be true than not true. You should base your decision on all of the evidence, regardless of which party presented it.

**IV.     Evidence**

1.     <u>Evidence You May Consider</u>

You are to consider the following evidence in determining the facts in this case: (1) the sworn testimony of any witness; (2) the exhibits received into evidence; and (3) any facts to which the lawyers have agreed.

2.     <u>Things You May Not Consider</u>

You may not consider the following in determining the facts in this case:

(1) the arguments and statements of lawyers, because the lawyers are not witnesses. Their statements are intended to help you interpret the evidence only;

(2) the questions and objections of lawyers. Lawyers have a duty to their clients to object when they believe a statement is improper under the rules of evidence. You should not be influenced by the objection or by the Court's ruling on the objection;

(3) testimony that has been excluded or that you have been instructed by the Court to disregard; or

(4) anything you may have seen or heard when trial in not in session.

You must decide the case solely on the evidence presented to you at trial.

3.     <u>Types of Evidence</u>

Evidence may be direct or circumstantial, and you may consider both types of evidence. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness saw, heard, or did. Circumstantial evidence allows you to infer a fact based on other facts. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. You must decide how much weight to give to any evidence presented regardless of its type.

//

Case No. 10-cv-01257 NC
PRELIMINARY JURY                    3
INSTRUCTIONS

1

### 4.   Evidence for a Limited Purpose

2

Some evidence may be admitted for a limited purpose only.  When the Court instructs you

3

that an item of evidence has been admitted for a limited purpose, you must consider it only for

4

that limited purpose and for no other.

5

### 5.   The Court's Ruling on Objections

6

Rules of evidence determine what you may consider as evidence.  When a lawyer offers

7

something into evidence and the opposing lawyer believes that the rules of evidence do not allow

8

that action, that lawyer may object.  If the Court overrules the objection, the item or statement at

9

issue may be introduced into evidence.  If the Court sustains the objection, the item or statement

10

at issue cannot be introduced into evidence.  Whenever the Court sustains an objection to a

11

question, you must ignore the question and must not guess what the answer to the question might

12

have been.

13

Sometimes the Court may order that evidence be stricken from the record and that you

14

disregard or ignore the evidence.  This means that when you are deciding the case, you must not

15

consider the evidence that the Court told you to disregard.

16

## V.   Witnesses

17

### 1.   Evaluation of Witness Testimony

18

In deciding the facts in this case, you may have to decide which testimony to believe and

19

which testimony not to believe.  You may believe everything a witness says, or part of it, or none

20

of it.  Proof of a fact does not necessarily depend on the number of witnesses who testify about it.

21

When considering the testimony of any witness, you may take into account:

22

(1) whether the witness had the ability to see or hear or know the thing to which the

23

witness testified;

24

(2) the memory of the witness;

25

(3) the demeanor of the witness while testifying;

26

(4) whether the witness has an interest in the outcome of the case or is otherwise biased;

27

(5) whether other evidence contradicts the testimony of the witness;

28

(6) the reasonableness of the testimony of the witness in light of all the evidence; and

Case No. 10-cv-01257 NC
PRELIMINARY JURY                    4
INSTRUCTIONS

1  (7) any other factors that you believe affect the credibility of the witness.

2      2.    <u>Expert Witnesses</u>

3  Some witnesses are permitted to state opinions and the reasons for those opinions because

4  of their education or experience. These witnesses are referred to as "expert witnesses." You

5  must judge their testimony just like the testimony of any other witness.

6  **VI.    Conduct of the Jury**

7      1.    <u>Prohibitions on Your Activities</u>

8  You must not make a determination with respect to the liability of any party until you and

9  your fellow jurors have completed your deliberations at the end of the case. When that time

10  comes, you must make your determination based on the evidence presented and on the Court's

11  instructions as to the applicable law only.

12  To ensure the fairness of this proceeding, you may not talk to anyone about this case in

13  any way, including in person, in writing, by phone, via e-mail, via text messaging, or via any

14  other form of communication. You may not talk about the case with your fellow jurors until the

15  Court gives you permission to deliberate. You may tell your family or employer that you have

16  been selected to be a juror in the case, but you may not say anything else about the case. If

17  anyone asks you about the case, you must respond that you have been ordered not to discuss the

18  case and must report the contact to the Court immediately.

19  You also may not read, watch, or listen to any news or media accounts or commentary

20  about the case. You may not consult the internet or reference materials to attempt to learn about

21  any aspect of the case on your own.

22  The law requires these restrictions to ensure the parties have a fair trial based on the same

23  evidence that each party has had an opportunity to address. A juror who violates these

24  restrictions jeopardizes the fairness of these proceedings. If any juror is exposed to any outside

25  information, or if you have any questions about these restrictions, please notify the Court

26  immediately.

27  //

28

Case No. 10-cv-01257 NC
PRELIMINARY JURY
INSTRUCTIONS
           5

2.    Taking Notes

Because you will not have access to a transcript of the trial, you must pay close attention to the testimony of all witnesses as it is given. If at any time you cannot hear or see the testimony, evidence, questions, or arguments, you must inform the Court.

You may take notes during the trial, but your notes must stay in the jury room when the trial is not in session. You may not share your notes with anyone. At the end of the trial, your notes will be destroyed.

Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of your fellow jurors.

3.    Questions to Witnesses

You will be allowed to propose written questions to witnesses after the lawyers have completed their questioning of each witness. You may propose questions in order to clarify the testimony, but you are not to express any opinion about the testimony or argue with a witness. If you propose any questions, remember that your role is that of a neutral fact finder, not an advocate.

Before the Court excuses each witness, the Court will offer you the opportunity to write out a question on a form provided by the Court. Do not sign the question. The Court will review the question with the attorneys to determine if it is legally proper.

There are some proposed questions that the Court will not permit, or will not ask in the wording submitted by the juror. This might happen either due to the rules of evidence or other legal reasons, or because the question is expected to be answered later in the case. If the Court does not ask a proposed question, or if the Court rephrases it, do not speculate as to the reasons. Do not give undue weight to questions you or other jurors propose. You should evaluate the answers to those questions in the same manner you evaluate all of the other evidence.

By giving you the opportunity to propose questions, the Court is not requesting or suggesting that you do so. It will often be the case that a lawyer has not asked a question because it is legally objectionable or because a later witness may be addressing that subject.

Case No. 10-cv-01257 NC
PRELIMINARY JURY                              6
INSTRUCTIONS

### 4. Bench Conferences and Recesses

During the trial, it may be necessary for the Court to speak with the lawyers by having a conference at the bench when the jury is present in the courtroom, or by calling a recess. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error. The Court will do what it can to keep the number and length of these conferences to a minimum. You must not consider the Court's grant or denial of a request for a conference as an indication of the Court's opinion of the case or of what your verdict should be.

## VII. Trial

The trial will proceed in the following stages. First, each party will be allowed to make an opening statement, which is intended to help you understand that party's arguments and interpretation of the evidence. Statements made during an opening statement are not evidence.

Second, AMCO will present evidence in support of its claims against Eureka, and the other parties may cross-examine the evidence. Eureka then will present evidence in defense to AMCO's claims against it, and the other parties may cross-examine the evidence.

Third, Eureka then will present evidence in support of its claims against Ellebrecht, and the other parties may cross-examine the evidence.

Fourth, Ellebrecht then will present evidence in defense to Eureka's claims against her, and the other parties may cross-examine the evidence.

Fifth, after all of the parties have presented evidence, the Court will instruct you on the law that applies to the case.

Sixth, each party will be allowed to make closing arguments.

Finally, you will be instructed to go to the jury room and deliberate on your verdict.

IT IS SO ORDERED.

Date: May 8, 2012

Nathanael M. Cousins
United States Magistrate Judge